IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SHANNON CAUSION,                          :

    Plaintiff                              :

v.                                        :        Civil Action No. AMD-06-333

JON P. GALLEY, *et al.*,                  :

    Defendants                             :

...o0o...

MEMORANDUM

The complaint in this civil rights action, filed on February 9, 2006, alleges that plaintiff has not been provided an appropriate level of protection from death threats made by fellow inmates at Western Correctional Institution (WCI). Paper No. 1. The complaint seeks declaratory and injunctive relief. Given the gravity of the allegations raised, the court issued an order to show cause why injunctive relief should not be granted. Paper No. 4. Defendants filed a response to the order, which has been construed as a motion for summary judgment. Papers No. 7 and 8. Plaintiff has filed his opposition to the motion for summary judgment. Papers No. 9, 10 and 11. Having reviewed the record, the court finds a hearing in this matter unnecessary. *See* Local Rule 106.5 (D. Md. 2004). For the reasons that follow, the motion for summary judgment shall be granted.

Background

Plaintiff claims that the Black Guerilla Family ("BGF"), a prison gang that currently thrives at WCI, placed a contract on his life. He asserts that the brother of his murder victim is a member of the gang; the brother has threatened plaintiff's life. Paper No. 12 at p. 4. In response to this court's show cause order, defendants explained that plaintiff is assigned to administrative segregation where his contact with other inmates is limited. Paper No. 7 at Ex. 1. They also assert that plaintiff does not have any known enemies in general population at WCI, but that his

assignment to administrative segregation is indefinite. *Id*. Although plaintiff shares his cell with another inmate, the parties agree that he does not present a threat to plaintiff. *Id*. and Paper No. 11.

In his opposition to defendants' motion for summary judgment, plaintiff asserts that when he was first assigned to administrative segregation he was placed in a cell with a BGF member who threatened his life. Paper No. 10. As a result of the threats, plaintiff became suicidal and required assignment to suicide watch status. *Id*. at p. 2. With the intervention of the mental health staff, plaintiff was provided with a new cell mate. *Id*. Plaintiff also claims that his assignment to administrative segregation has not insulated him from exposure to gang members assigned to general population or disciplinary segregation. *Id*. He alleges that the housing area where inmates who require protective custody is located shares a day room, showers and other common areas with non-protective custody inmates. *Id*. He claims that the only thing that separates protective custody inmates from general population and disciplinary segregation inmates is one gate that is frequently left unlocked. Paper No. 9. Because those inmates are permitted into areas where they can see onto the protective custody unit, threats and monetary rewards for the death of one or more protective custody inmates are frequently shouted onto the tier. *Id*. Plaintiff also claims he received a letter threatening his life on a food tray that was delivered to his cell. Paper No. 11. In short, plaintiff alleges that his housing assignment has done little to curtail the verbal harassment and potential harm presented by gang members who want to kill him.

Standard of Review

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In other words, if there clearly exist factual issues "that properly can be

2

resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate. *Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1979); *Stevens v. Howard D. Johnson Co.*, 181 F.2d 390, 394 (4th Cir. 1950). The moving party bears the burden of showing that there is no genuine issue of material fact. *See* Fed. R. Civ. P. 56(c); *Pulliam*, 810 F.2d at 1286 (*citing Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979)).

When ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of and construe the facts in the light most favorable to the non-moving party. *See Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 437 (4th Cir. 1998). A party who bears the burden of proof on a particular claim must factually support each element of his or her claim. "[A] complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her responsibility to confront the motion for summary judgment with an affidavit or other similar evidence. *Anderson*, 477 U.S. at 256.

Analysis

In order to prevail on an Eighth Amendment claim of failure to protect, plaintiff must establish that defendants exhibited deliberate or callous indifference to a specific known risk of harm. *See Pressly v. Hutto*, 816 F. 2d 977, 979 (4th Cir. 1987). "Prison conditions may be restrictive and even harsh, but gratuitously allowing the beating or rape of one prisoner by another serves no legitimate penological objective, any more than it squares with evolving standards of decency. Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." *Farmer v. Brennan*, 511 U.S. 825, 833 34 (1994) (citations omitted).

"[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. *See also Rich v. Bruce*, 129 F. 3d 336, 339 40 (4th Cir. 1997).

In the instant case, the parties agree that there is a specific known risk of harm to plaintiff in the form of threats to his life by prison gang members. The only issue to be resolved is whether the actions taken by defendants in light of that threat have been in the past, and continue to be presently, constitutionally adequate. Liability (including liability for only injunctive relief) may not be imposed on prison officials if they respond reasonably to the specific know risk of harm. *See Farmer*, 511 U.S. at 844. Application of this above standard to the facts of this case leads this court to conclude that the measure taken, assigning plaintiff to administrative segregation, is constitutionally adequate.

Plaintiff states that the threat to his life was made known on January 5, 2006. Paper No. 12. On the same day, he was assigned to administrative segregation pending an investigation into plaintiff's allegations that a contract had been taken out on his life. Paper No. 10 at Ex. 1. Plaintiff's reassignment was effected immediately after prison officials became aware of a possible threat to his life. Paper No. 7 at Ex. 1. Assignment to administrative segregation limits plaintiff's exposure to general population inmates. *Id*. To the extent that plaintiff continues to be subjected to threats and harassment, he has not alleged a cognizable injury.* *See Farmer* at 834 (requiring serious

---

*Plaintiff has informed prison officials of the threats he has received by filing administrative remedy procedure forms. Paper No. 12. There are no substantive responses from prison officials on the forms, rather, they were dismissed as either untimely or being outside of the scope of the remedy procedure. *Id*. To the extent that plaintiff has placed officials on notice that a potential for future harm to him may exist, the apparent lack of action taken is troubling. Nevertheless, the court's authority to intervene at this time is circumscribed. In any event, the court is constrained to infer that prison officials

injury).   Alleged lapses in security measures, without more, does not state a claim where no injury results.  *See, e.g., Smith v. Cummings*, 445 F. 3d 1254, 1258 (10th Cir. 2006) (failure to clear general population inmates area where protective custody inmates were escorted is not enough to state a claim).  Accordingly, defendants' motion for summary judgment shall be granted. In light of the disposition of his claims, plaintiff's motion for appointment of counsel shall be denied.

Filed: May 30, 3006                          ___/s/_____
                                                           Andre M. Davis
                                                           United States District Judge

---

will act appropriately and not play Russian Roulette with plaintiff's safety.